## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 03-697 JVS (MANx) | Date | October 17, 2012 |

| | |
|---|---|
| Title | Craig Arthur Humphries, et al. v. Los Angeles County, et al. |

| | |
|---|---|
| Present: The Honorable | James V. Selna |

| | |
|---|---|
| Nancy Boehme | Not Reported |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers) **Order** **on** **Motions** **for** **Partial** **Summary** **Judgment**

Defendants County of Los Angeles ("County"), Leroy D. Baca, Michael L. Wilson, and Charles T. Ansberry (collectively, "County Defendants")[1] move for partial summary judgment against Plaintiffs Craig Arthur Humphries and Wendy Dawn Aborn Humphries (collectively, "Humphries"). The Humphries cross-move for partial summary judgment against the County and Wilson. The Humphries also move for partial summary judgment against the Attorney General for the State of California ("Attorney General").[2] All three motions are opposed.

For the following reasons, the Court (1) DENIES the County Defendants' Motion for Summary Adjudication of Issues (Docket No. 210); (2) GRANTS IN PART and DENIES IN PART the Humphries' Motion for Partial Summary Judgment or Summary Adjudication Against Defendants Los Angeles County and Michael L. Wilson (Docket No. 234); and (3) GRANTS IN PART and DENIES IN PART the Humphries' Motion for Partial Summary Judgment or Summary Adjudication of Issues Against Defendant Attorney General of California in Official Capacity (Docket No. 250).[3]

---

[1] At all relevant times, Baca was the Los Angeles County Sheriff, and Wilson and Ansberry were detectives in the Los Angeles County Sheriff's Department ("LASD").

[2] Attorney General Kamala Harris is automatically substituted for former Attorney General Bill Lockyer as a defendant in this action. Fed. R. Civ. P. 25(d).

[3] The Court GRANTS Plaintiffs' Request for Judicial Notice, Submitted in Support of Plaintiffs' Opposition to Los Angeles County Defendants' Motion for Summary Adjudication of Issues (Docket

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 03-697 JVS (MANx)         Date   October 17, 2012

Title  Craig Arthur Humphries, et al. v. Los Angeles County, et al.

## I.   **Background**

The parties are familiar with the underlying facts of this case,[4] which has been litigated for more than a decade now. See Humphries v. L.A. Cnty., No. SACV 03-697 JVS (MANx), 2005 U.S. Dist. LEXIS 47040, at *1-4 (C.D. Cal. Aug. 22, 2005).

In its order dated August 22, 2005, the Court (1) granted summary judgment in favor of the defendants on the Humphries' claims for violation of their Fourth Amendment rights based on their arrest and incarceration; (2) granted summary judgment in favor of the defendants on the Humphries' claims for violation of their Fourteenth Amendment due process rights based on their inclusion in the Index[5]; and (3) denied summary judgment on the Humphries' claims for violation of their Fourteenth Amendment due process rights based on the warrantless seizure of their children. The Humphries appealed the order only as to their Index-related claims. (Docket No. 130.)

According to the Ninth Circuit, the issue on appeal was "whether the initial and continued inclusion of the Humphries on the CACI deprives them of any rights secured by the Constitution and laws of the United States." Humphries v. Cnty. of L.A., 554 F.3d 1170, 1184 (9th Cir. 2009). The Circuit held that the Humphries had established a deprivation of a protected liberty interest under the "stigma-plus test." Id. at 1185 ("[T]he stigma of being listed in the CACI as substantiated child abusers, *plus* the various statutory consequences of being listed on the CACI constitutes a liberty interest, of which

No. 344), and Plaintiffs' Request for Judicial Notice (Docket No. 379). Fed. R. Evid. 201(b)(2).

The Court DENIES Plaintiffs' Motion to Strike Exhibit A to Declaration of Captain Thomas Zuniga, Submitted by Los Angeles County Defendants in Support of their Motion for Summary Adjudication (Docket No. 343). Given the Humphries' numerous requests for a continuance of the hearing on these motions—all of which the Court has granted—any failure by the County Defendants to disclose the document at an earlier time has been rendered harmless. See Fed. R. Civ. P. 37(c)(1).

[4] The parties have presented evidence and multiple objections to evidence. Objections to evidence the Court does not rely on are immaterial, and the Court does not rule on them.

[5] The "Index" or "CACI" refers to California's Child Abuse Central Index. Cal. Penal Code § 11170(a). "CANRA" refers to the Child Abuse Neglect and Reporting Act. Id. §§ 11164-11174.4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-697 JVS (MANx) | Date | October 17, 2012 |
|---|---|---|---|

| Title | Craig Arthur Humphries, et al. v. Los Angeles County, et al. |
|---|---|

[the Humphries] may not be deprived without process of law." (emphasis in original)). It further held that "[t]he lack of any meaningful, guaranteed procedural safeguards before the initial placement on CACI combined with the lack of any effective process for removal from CACI violates the Humphries' due process rights." Id. at 1200. Nonetheless, Sheriff Baca and Detectives Ansberry and Wilson were entitled to qualified immunity. Id. at 1201-02. The Circuit remanded the case to this Court to address the County's liability under Monell v. Department of Social Services, 436 U.S. 658 (1978), for violation of the Humphries' Fourteenth Amendment due process rights. Id. at 1202.[6]

_____Accordingly, the following claims remain: (1) the Humphries' claims against the County and the Attorney General for violation of their Fourteenth Amendment due process rights based on their inclusion in the Index; and (2) the Humphries' claims against the County and Wilson for violation of their Fourteenth Amendment due process rights based on the warrantless seizure of their children.[7] The present motions involve only some of these claims, as discussed infra.

_____

## II.    **Legal Standard**

_____Summary judgment is appropriate where the record, read in the light most

_____

[6] The Humphries then applied for attorneys' fees pursuant to 42 U.S.C. § 1988. (See "Fee Order," Docket No. 151.) The Ninth Circuit held that the Humphries prevailed on their claim for declaratory relief and awarded them $600,000 in fees. (Id. at 2.) It ordered the County to pay approximately $60,000 for "failing to craft its own additional procedural protections." (Id. at 3.) According to the Circuit, "the limitations to liability established in Monell do not apply to claims for prospective relief." (Id. at 4.)

The Supreme Court granted the County's petition for certiorari to address the applicability of Monell's "policy or custom" requirement. The Court held that the requirement applies not only when a plaintiff seeks monetary relief, but also when the plaintiff seeks prospective relief, such as an injunction or a declaratory judgment. L.A. Cnty., Cal. v. Humphries, 131 S. Ct. 447, 451 (2010). On remand, the Circuit reversed the portion of its judgment ordering the County to pay fees and remanded the case to this Court. Humphries v. Cnty. of L.A., 649 F.3d 1077, 1077 (9th Cir. 2011).

[7] The Court may also consider whether the County Defendants and the Attorney General are maintaining the Humphries' arrest records in violation of the L.A. Superior Court's sealing orders "insofar as this issue is relevant." Humphries, 554 F.3d at 1181 n.7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-697 JVS (MANx) | Date | October 17, 2012 |
|---|---|---|---|

| Title | Craig Arthur Humphries, et al. v. Los Angeles County, et al. |
|---|---|

favorable to the nonmovant, indicates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Summary adjudication, or partial summary judgment "upon all or any part of [a] claim," is appropriate where there is no genuine dispute as to any material fact regarding that portion of the claim. Fed. R. Civ. P. 56(a); see also Lies v. Farrell Lines, Inc., 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks omitted).

Material facts are those necessary to the proof or defense of a claim, and are determined by referring to substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In deciding a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.[8]

The moving party has the initial burden of establishing the absence of a material fact for trial. Anderson, 477 U.S. at 256. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . ., the court may . . . consider the fact undisputed." Fed. R. Civ. P. 56(e)(2). Furthermore, "Rule 56[(a)][9] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 323. Therefore, if the nonmovant does not make a sufficient showing to establish the elements of its claims, the Court must grant the motion.

Where the parties have made cross-motions for summary judgment, as the parties

---

[8] "In determining any motion for summary judgment or partial summary judgment, the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence filed in opposition to the motion." L.R. 56-3.

[9] Rule 56 was amended in 2010. Subdivision (a), as amended, "carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word—genuine 'issue' becomes genuine 'dispute.'" Fed. R. Civ. P. 56, Notes of Advisory Committee on 2010 amendments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 03-697 JVS (MANx) | Date | October 17, 2012 |

| | |
|---|---|
| Title | Craig Arthur Humphries, et al. v. Los Angeles County, et al. |

have done here, the Court must consider each motion on its own merits. Fair Hous. Council v. Riverside Two, 249 F.3d 1132, 1136 (9th Cir. 2001). The Court will consider each party's evidentiary showing, regardless of which motion the evidence was tendered under. See id. at 1137.

**III.   Discussion**

    A.   The Humphries' Inclusion in the Index

      The County Defendants contend that they are entitled to partial summary judgment on the Humphries' claim against the County for violation of the Humphries' Fourteenth Amendment due process rights based on their inclusion in the Index. The County Defendants first argue that the County cannot be held liable for failing to adopt a particular policy of its own relative to the enforcement of state law, even if the state law is later found to be unconstitutional. They further argue that, even if the Humphries "could surmount this initial obstacle," the County's failure to adopt additional safeguards and process did not amount to "deliberate indifference."[10] (Defs.' Mot. 13-14.) The Humphries cross-move for partial summary judgment on this claim. According to the Humphries, "LASD policies and customs, the existence of which is shown by County documents and County deposition testimony, [have] caused [them] to be deprived of procedural due process under the Fourteenth Amendment." (Pls.' Mot. L.A. Cnty. & Wilson 2.)

      A municipality cannot be held liable under Monell merely for enforcing a state law. E.g., Doby v. DeCrescenzo, 171 F.3d 858, 868 (3d Cir. 1999) ("[W]hen a county is merely enforcing state law, without adopting any particular policy of its own, it cannot be held liable under the Monell line of cases."); Surplus Store & Exch., Inc. v. City of Delphi, 928 F.2d 788, 790-93 & n.4 (7th Cir. 1991) ("It is difficult to imagine a municipal policy more innocuous and constitutionally permissible, and whose causal connection to the alleged violation is more attenuated, than the 'policy' of enforcing state

---

    [10] See City of Canton v. Harris, 489 U.S. 378, 388-89 (1989).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-697 JVS (MANx) | Date | October 17, 2012 |
|---|---|---|---|

| Title | Craig Arthur Humphries, et al. v. Los Angeles County, et al. |
|---|---|

law."). But where the municipality makes a deliberate choice from among various alternatives to adopt a particular policy, the municipality can be held liable. Garner v. Memphis Police Dept., 8 F.3d 358, 364 (6th Cir. 1993) (citing Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986)).

As the Ninth Circuit noted, under CANRA, "if a report has previously been filed which subsequently proves to be unfounded, the California Department of Justice (CA DOJ) shall be notified in writing of that fact and shall not retain the report." Humphries, 554 F.3d at 1179 (citing prior version of Cal. Penal Code § 11169(a)). The statute did not specify who was to notify the CA DOJ or how the determination that a report "prove[d] to be unfounded" was to be made. Id. Furthermore, the Index "shall be continually updated by the department and shall not contain any reports that are determined to be unfounded." Id. Although the statute did not specify a procedure for removing unfounded reports, "nothing in the statute prevent[ed] a submitting agency from enacting some procedure to allow an individual to challenge their listing or seek to have a determination made that a report is 'unfounded.'" Id.

Here, the Humphries have provided evidence that the LASD—i.e., the County—did not merely enforce CANRA or fail to adopt additional safeguards and process, but rather maintained its own policies regarding the Index. (See, e.g., Pls.' Statement of Genuine Disputes of Material Fact, Additional Issues of Material Fact, ¶¶ 32, 50, 55-56, 66-75, 82-84, 88-92, 101-03, Docket No. 341.) Most significantly, the LASD has refused to give effect to the juvenile court judgment that S.H.'s allegations of abuse were "not true."[11] The LASD effectively created its own policy that reviewing officers shall not consider subsequent judgments from other proceedings in determining whether an Index report "prove[d] to be unfounded." The LASD also established its own "CACI Review" procedure. An individual listed in the Index could not be removed unless the reviewing officer determined that "no crime" had occurred, based on his or her own initial findings. This inherently biased "no crime" standard was not set forth in CANRA. Therefore, like the police department in Garner, 8 F.3d at 364, which not only followed a state statute, but also established its own policy regarding the use of deadly force, here,

---

[11] The Court discusses the effect of the juvenile court judgment in Section III.C., infra.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-697 JVS (MANx) | Date | October 17, 2012 |
|---|---|---|---|

| Title | Craig Arthur Humphries, et al. v. Los Angeles County, et al. |
|---|---|

the LASD not only followed CANRA, but also maintained the aforementioned policies.[12]

Because the County maintained its own policies regarding the Index, the Court need not reach the issue of "deliberate indifference." A municipality may be held liable under <u>Monell</u> where it maintains a policy or custom that caused a deprivation of constitutional rights. <u>Clouthier</u> v. <u>Cnty. of Contra Costa</u>, 591 F.3d 1232, 1249 (9th Cir. 2010) (quoting <u>Monell</u>, 436 U.S. at 658). Resort to a "deliberate indifference" standard in the face of affirmative conduct would only serve to dilute the force of <u>Monell</u>.

Accordingly, the Court GRANTS partial summary judgment in favor of the Humphries on their claim against the County for violation of their Fourteenth Amendment due process rights based on their continued inclusion in the Index, and DENIES the County's motion on this issue.

B.    <u>Seizure of the Humphries' Children</u>

The Humphries contend that they are entitled to partial summary judgment on their claim against the County for violation of their Fourteenth Amendment due process rights based on the warrantless seizure of their children. The Humphries argue that the "LASD's custom of taking arrested parents' children into protective [custody] without a warrant . . . *in itself* deprived—or directed Wilson to deprive—the Humphries summarily of their interests in the care, custody and control of their children, in violation of due process." (Pls.' Mot. L.A. Cnty. & Wilson 19-20 (emphasis in original).) On the other hand, the County Defendants contend that the Humphries "have not established the threshold element of a <u>Monell</u> claim: an underlying constitutional violation." (Defs.' Opp'n to Pls.' Mot. L.A. Cnty. & Wilson 22.)

To hold the County liable for the warrantless seizure of their children, C.E. and J.A., the Humphries must establish that (1) Detective Wilson acted under color of law;

---

[12] <u>Contra</u> <u>Rodriguez v. City of Milwaukee</u>, 957 F. Supp. 1055 (E.D. Wis. 1997). In <u>Rodriguez</u>, the plaintiffs' claims were based on a failure to act, namely a failure by the city to supervise properly and monitor continuously its police officers. <u>Id.</u> at 1065.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-697 JVS (MANx) | Date | October 17, 2012 |
|---|---|---|---|

| Title | Craig Arthur Humphries, et al. v. Los Angeles County, et al. |
|---|---|

(2) Detective Wilson deprived the Humphries of their due process rights under the Fourteenth Amendment; and (3) Detective Wilson acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the County. Ninth Cir. Model Jury Instr. 9.4; see, e.g., Tatum v. City & Cnty. of S.F., 441 F.3d 1090, 1100 (9th Cir. 2006) ("Absent a constitutional deprivation, neither Officers Garrity and Carr, nor the City and County of San Francisco may be held liable under § 1983.").

"Officials may remove a child from the custody of its parents without prior judicial authorization only if the information they possess at the time of the seizure is such as provides reasonable cause to believe that the child is in imminent danger of serious bodily injury and that the scope of the intrusion is reasonably necessary to avert that specific injury." Wallis v. Spencer, 202 F.3d 1126, 1138 (9th Cir. 2000). Here, Detective Wilson testified that he directed that J.A. and C.E. be placed in protective custody because the Humphries had been incarcerated and, based on S.H's allegations, he believed there existed a substantial risk to J.A. and C.E. of abuse or neglect. (Wilson Depo Tr. 184:2-18, 199:3-9, 235:9-22, 236:21-237:5, 242:1-18, Docket No. 289, Ex. A.) A reasonable jury could conclude, based on this testimony, that Detective Wilson did not deprive the Humphries of their due process rights when he removed C.E. and J.A. from their custody without a warrant.

Accordingly, the Court DENIES partial summary judgment as to the County's liability for the warrantless seizure of the Humphries' children.

C.    The Juvenile Court's Judgment[13]

---

[13] As the Ninth Circuit explained, the County filed a juvenile court dependency petition to have C.E. and J.A. declared dependant children of the juvenile court based on S.H.'s allegations of abuse. However, after a hearing on June 12, 2001, the juvenile court ordered that the Humphries retain custody of their children and dismissed all counts in the petition as "not true." Humphries, 554 F.3d at 1182. The Circuit noted, "If a party provides a reason for addressing the issue in light of this opinion, on remand the district court shall make a more definitive finding of the collateral effect of the juvenile court's judgment." Id. at 1182 n.8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-697 JVS (MANx) | Date | October 17, 2012 |
|---|---|---|---|

| Title | Craig Arthur Humphries, et al. v. Los Angeles County, et al. |
|---|---|

The Humphries contend that "[t]he juvenile court's judgment collaterally estops the County and Wilson from denying that the Index-listed report on the Humphries rests on false allegations, and conclusively determines against the County and Wilson that such report was proved to be unfounded as of June 12, 2001, when the judgment was issued." (Pls.' Mot. L.A. Cnty. & Wilson 1.) On the other hand, the County Defendants contend that the Humphries have not met their burden in demonstrating that collateral estoppel applies in this case. (Defs.' Opp'n to Pls.' Mot. L.A. Cnty. & Wilson 3.)

     1.    *Collateral Estoppel*

The doctrine of collateral estoppel precludes re-litigation of "an issue of fact or law" necessarily decided in a prior legal proceeding between the same parties or their privies. Allen v. McCurry, 449 U.S. 90, 94 (1980). "A federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Kay v. City of Rancho Palos Verdes, 504 F.3d 803, 808 (9th Cir. 2007) (alteration omitted) (quoting Migra v. Warren City Sch. Bd. of Educ., 465 U.S. 75, 81 (1984)). Under California law, collateral estoppel applies if the following requirements are met: "(1) the issue is identical to an issue decided in a prior proceeding; (2) the issue was actually litigated; (3) the issue was necessarily decided; (4) the decision in the prior proceeding is final and on the merits; and (5) the party against whom collateral estoppel is asserted was a party to the prior proceeding or in privity with a party to the prior proceeding." Plumley v. Mockett, 164 Cal. App. 4th 1031, 1048-49 (2008) (quoting Lucido v. Superior Court, 51 Cal. 3d 335, 341 (1990)). "The party asserting collateral estoppel bears a heavy burden of proving all of these factors." Kemp Bros. Constr., Inc. v. Titan Elec. Corp., 146 Cal. App. 4th 1474, 1482 (2007) (internal quotation marks omitted).

The County Defendants do not dispute that the issue before the juvenile court was necessarily decided, that the juvenile court's decision was final and on the merits, or that the juvenile court proceeding involved the same parties. Instead, they argue that the issue to be decided in this litigation is not identical to the issue decided by the juvenile court, the issue in this litigation was not actually litigated in the juvenile court proceeding, and the County should not reasonably have expected to be bound in this litigation by the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 03-697 JVS (MANx) | Date | October 17, 2012 |

| | |
|---|---|
| Title | Craig Arthur Humphries, et al. v. Los Angeles County, et al. |

juvenile court's decision. (Defs.' Opp'n to Pls.' Mot. L.A. Cnty. & Wilson 4.)

      a.    Identical Issue

    The County Defendants contend that "in the prior juvenile court proceeding, the court could have grounded its 'not true' findings on issues other than those which the plaintiffs seek to foreclose from consideration in this litigation." (Id. at 5.) More specifically, the County Defendants argue that it is unclear whether the juvenile court's decision was based on subsection (1) or (2) of California Welfare & Institutions Code section 300(j).[14] "The [juvenile court] did not specify whether its ruling and factual findings were based on the fact that the County had not established the first element, the second element or either element of Section 300(j)." (Defs.' Opp'n to Pls.' Mot. L.A. County & Wilson 7.)

    "The 'identical issue' requirement addresses whether 'identical factual allegations' are at stake in the two proceedings, not whether the ultimate issues or dispositions are the same." Lucido, 51 Cal. 3d at 342 (quoting People v. Sims, 32 Cal. 3d 468, 485 (1982)). During the hearing on the County's dependency petition, the juvenile court stated:

    The Court has read and considered the evidence in detail thoroughly.

    The Court is unable to find . . . by the weak standard of preponderance of the evidence that this petition is true.

    The petition will be dismissed in its entirety. And that means counts A-1, A-2, A-3, A-4, B-1, B-2, B-3, B-4, I-1, I-2, I-3, J-1, J-2, and J-3 are not true and are dismissed.

(Boynton Decl. Ex. G, Hr'g Tr. June 12, 2001, at 115:15-23, Docket No. 225-4 (emphasis

---

[14] The juvenile court may assert jurisdiction over a child if: (1) the child's "sibling has been abused or neglected," and (2) "there is a substantial risk that the child will be abused or neglected." Cal. Welf. & Inst. Code § 300(j).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 03-697 JVS (MANx)                    Date   October 17, 2012

Title   Craig Arthur Humphries, et al. v. Los Angeles County, et al.

added).)[15] On June 15, 2001, the juvenile court issued a minute order correcting its minute order dated June 12, 2001, which states:

> The Court dismisses the allegations in subdivision A, counts 1, 2, 3, and 4 as <u>not</u> <u>true</u>. The Court dismisses the allegations in subdivision B, counts 1, 2, 3, and 4 as <u>not</u> <u>true</u>. The Court dismisses the allegations in subdivision I, counts 1, 2, and 3 as <u>not</u> <u>true</u>. The Court dismisses the allegations in subdivision J, counts 1, 2, and 3 as <u>not</u> <u>true</u>.

(Boynton Decl. Ex. I, Minute Order, June 15, 2001, ¶ 3, Docket No. 225-4 (emphasis added).)[16] The ruling is directed to the "allegations," and not merely a failure to satisfy one subpart of section 300(j).

There can be no doubt that the juvenile court considered S.H.'s factual allegations of abuse and rejected them. The County relies on the same factual allegations in refusing to remove the Humphries from the Index. Unlike in <u>People</u> <u>v.</u> <u>Garcia</u>, 39 Cal. 4th 1070, 1090 (2006), in which it was unclear whether "the administrative law decision actually determined whether defendant made any such misrepresentations or omissions," here, the juvenile court clearly dismissed all of S.H.'s factual allegations as "not true."[17] Therefore, the same factual allegations that were at stake in the juvenile court proceeding are at stake

---

[15] The County Defendants object to this evidence as unauthenticated because there is no reporter's certification that the transcript is a true record of the testimony or events of the proceeding. In fact, a reporter's certification is attached. (Boynton Decl. Ex. G, Hr'g Tr. June 12, 2001, at 117.) Accordingly, the objection is overruled.

[16] The County Defendants object to this evidence as unauthenticated because there is no certification or seal from a clerk of the Los Angeles Superior Court attesting that it is a true and correct copy of the juvenile court's minute order. The declaration of Esther Boynton, counsel for the Humphries, sufficiently authenticates the minute order. (Boynton Decl. ¶ 26.) Accordingly, the objection is overruled.

[17] As the Ninth Circuit noted, "Under the California Rules of Court, the juvenile court is authorized only to find allegations 'true' or 'not proved.'" <u>Humphries</u>, 554 F.3d at 1182 n.8. The Circuit acknowledged "there is no dispute that the juvenile court wrote that the allegations were 'not true.'" <u>Id.</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-697 JVS (MANx) | Date | October 17, 2012 |
|---|---|---|---|

| Title | Craig Arthur Humphries, et al. v. Los Angeles County, et al. |
|---|---|

in this proceeding.

        b.     Actually Litigated

The County Defendants also argue that "[t]he determination of how the plaintiffs' listing in CACI should be classified clearly had no bearing on the juvenile court's custody decision relative to C.E and J.A." (Defs.' Opp'n to Pls.' Mot. L.A. Cnty. & Wilson 10.) Therefore, they argue, the issue in this proceeding could not possibly have been litigated in the juvenile court proceeding. (Id.)

However, the more precise and relevant issue—whether S.H.'s factual allegations of abuse were true—was properly raised in the County's dependency petition and argued before the juvenile court. The County had a full and fair opportunity to litigate the issue before it was decided. Therefore, the issue was "actually litigated." See Castillo v. City of L.A., 92 Cal. App 4th 477, 482 (2001). The County Defendants' argument misconstrues the "identical issue" requirement, as discussed supra.

        c.     Policy Considerations

Finally, the County Defendants contend that the County should not reasonably have expected to be bound in this litigation by the juvenile court's judgment in the dependency proceeding. Their argument is based on "the public policies underlying the collateral estoppel doctrine." (Defs.' Opp'n to Pls.' Mot. L.A. Cnty. & Wilson 12.)

The Court is not persuaded by the County Defendants' policy argument. People v. Percifull, 9 Cal. App. 4th 1457 (1992), one of the cases on which they rely, involved collateral estoppel in the context of a subsequent criminal proceeding. Here, by contrast, "the importance of preserving the criminal trial process as the exclusive forum for determining guilt or innocence as to new crimes" is not a concern. See id. at 1461 (quoting Lucido, 51 Cal. 3d at 351). Nor is there the same tension between the aims of the two proceedings. Contra id. at 1462 (explaining the conflict between a juvenile court proceeding—intended to protect the child and to preserve the child's ties with his family—and a criminal proceeding—intended to impose punishment for child abuse,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-697 JVS (MANx) | Date | October 17, 2012 |
|---|---|---|---|

| Title | Craig Arthur Humphries, et al. v. Los Angeles County, et al. |
|---|---|

resulting in the disruption or destruction of the family). <u>Kilroy</u> v. <u>State</u> of <u>California,</u> 119 Cal. App. 4th 140 (2004), another case on which the County Defendant's rely, involved collateral estoppel in the context of a subsequent civil proceeding. But in <u>Kilroy</u>, unlike here, neither the issues nor the parties were the same in the two proceedings. <u>Id.</u> at 149. The County should reasonably have expected to be bound in this litigation by the juvenile court's judgment.

        d.     Conclusion as to Collateral Estoppel

      The Court holds that the doctrine of collateral estoppel precludes the County and Wilson from denying that the Index-listed report on the Humphries rests on false allegations, and conclusively determines against the County and Wilson that such report was proved to be "not substantiated"[18] as of June 12, 2001, when the judgment was issued.

      5.    *Injunctive Relief*

      CANRA provides that if a listed report "subsequently proves to be not substantiated," the California Department of Justice "shall be notified in writing of that fact and shall not retain the report." Cal. Penal Code § 11169(a). In light of the Court's holding as to collateral estoppel, the Court orders the County to notify the CA DOJ within twenty-one days of the date of this Order that the Humphries' Index report proved to be "not substantiated" as of June 12, 2001. For purposes of effecting this relief, the Order shall be deemed the entry of judgment, and no further order or judgment shall be required. Fed. R. Civ. P. 54(b).[19]

      D.     <u>The Humphries' Claims Against the Attorney General</u>

---

    [18] <u>See</u> Cal. Penal Code § 11169(a) (as amended in 2011).

    [19] There is no reason to delay entry of judgment on this claim. The requirements of Rule 54(b) of the Federal Rules of Civil Procedure have been satisfied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-697 JVS (MANx) | Date | October 17, 2012 |
|---|---|---|---|

| Title | Craig Arthur Humphries, et al. v. Los Angeles County, et al. |
|---|---|

The Humphries contend that they are entitled to partial summary judgment against the Attorney General on their claims for violation of their Fourteenth Amendment due process rights based on their inclusion in the Index. The Humphries first argue that "[t]he juvenile court's judgment . . . collaterally estops the State . . . from denying that the Index-listed report on the Humphries rests on false allegations, and . . . conclusively determines against the State . . . that the report proved to be unfounded as of June 12, 2001, when the judgment was issued." They further argue that the Court should declare that certain Index-related policies of the State, as applied, violate procedural due process. (Pls.' Mot. Att'y Gen. 1, 21-22.) On the other hand, the Attorney General contends that the Humphries misunderstand and misrepresent its role in administering the Index. The Attorney General states that it will remove the Humphries from the Index if instructed to do so by the Court. (Def.'s Opp'n to Pls.' Mot. Att'y Gen. 1, 3.)

> 1.  *Injunctive Relief*

The Attorney General contends that "[i]f this Court grants the Humphries' requested relief against the County, then their requested relief against the Attorney General would be moot." (<u>Id.</u> at 1.) This is not entirely true. As the Humphries point out in their reply brief, they seek other forms of injunctive relief in addition to the removal of their names from the Index. (Pls.' Reply to Defs.' Opp'n to Pls.' Mot. Att'y Gen. 4.)

The Attorney General does not take a position regarding whether collateral estoppel applies in this case. (Def.'s Opp'n to Pls.' Mot. Att'y Gen. 3.) Accordingly, the Court considers the Humphries' motion as to this issue unopposed. In light of its holding on collateral estoppel, the Court orders the Attorney General to (1) to expunge all State records regarding the Humphries that resulted from S.H.'s allegations; (2) not to disclose to anyone other than the Humphries any Index-related information or State records that resulted from S.H.'s allegations; and (3) to provide the Humphries with written confirmation of the expungement of such records within twenty-one days of the date of this Order.

> 2.  *Declaratory Relief*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.     SACV 03-697 JVS (MANx)                    Date     October 17, 2012

Title     Craig Arthur Humphries, et al. v. Los Angeles County, et al.

The California Department of Social Services ("CDSS") contends that "because of
changes to state law, the declaratory relief reflected in [the Humphries'] proposed order is
both unnecessary and unwarranted. Morever, if [the Humphries] were to modify the
request for relief to make it reflect the situation before the state law changed, such
retrospective relief would violate the Eleventh Amendment." (Br. Amicus Curiae 7-8.)[20]

        a.        Changes to CANRA[21]

The Humphries filed their motion against the Attorney General on August 31,
2011. On September 7, 2011, the California Legislature passed Assembly Bill 717,[22]
which amended CANRA in various respects. Notably, persons who are listed in the Index
are now entitled to a due process hearing before the agency that has listed them. Cal.
Penal Code § 11169(d). Section 11170(a)(3) provides that "[o]nly information from

---

[20] The Court DENIES Plaintiffs' Motion to Strike [Docket Nos. 366-67]. In denying the CDSS's
Motion to Intervene, the Court permitted it to file an amicus brief of no more than fifteen pages. The
Court did not exclude the CDSS from submitting evidence in support of its brief. The Court also
DENIES the Humphries' request to respond in writing to the arguments raised by the CDSS in its
amicus brief. The Humphries were given an opportunity to respond to these arguments at the hearing.
The Court has not relied on any legal conclusions offered by Mr. Ginsberg in his declaration. Rather, the
Court has examined the statutory provisions, regulations, and cases cited by the CDSS and drawn its
own conclusions. Finally, the Court overrules the Humphries' objections regarding  the Gomez
judgment. (See Pls.' Objections & Mot. to Strike, Docket No. 378.)

[21] On October 9, 2007, the Los Angeles Superior Court approved a stipulated settlement and
judgment in Gomez v. Lockyer, No. BC284896 (L.A. Super. Ct.), which set out certain due process
protections for persons referred to the CA DOJ for listing in the Index. (Ginsberg Decl., Att. A, Docket
No. 361.) CDSS regulations subsequently codified the Gomez judgment. (Request for Judicial Notice
Supp. Amicus Curiae Br., Ex. A, Docket No. 362.) After passage of AB 717, California Penal Code
section 11169(b) now provides that "a police department or sheriff's department . . . shall no longer
forward to the Department of Justice a report in writing of any case it investigates of known or
suspected child abuse or severe neglect." Therefore, effective January 1, 2012, only county welfare
departments refer individuals to the DOJ for listing in the Index. And all county welfare departments
must comply with CDSS regulations.

[22] The Governor signed AB 717 on October 4, 2011, and it became effective on January 1, 2012.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-697 JVS (MANx) | Date | October 17, 2012 |
|---|---|---|---|

| Title | Craig Arthur Humphries, et al. v. Los Angeles County, et al. |
|---|---|

reports that are reported as substantiated shall be filed pursuant to paragraph (1), and all
other determinations shall be removed from the central list." Furthermore, section
11169(g) provides that "[i]f, after a hearing pursuant to subdivision (d) . . . it is
determined the person's CACI listing was based on a report that was not substantiated,
the agency shall notify the Department of Justice of that result and the department shall
remove that person's name from the CACI." Cal. Penal Code § 11169(g).

A federal court must "avoid unnecessary disruption to the state agency's 'normal
course of proceeding.'" <u>Gomez</u> v. <u>Vernon</u>, 255 F.3d 1118, 1128 (9th Cir. 2001).
Furthermore, principles of federalism and comity require that a federal court "take[s] into
account the interests of state and local authorities in managing their own affairs,
consistent with the Constitution." <u>Milliken</u> v. <u>Bradley</u>, 433 U.S. 267, 280-81 (1977). The
Court is satisfied that the procedures for listing individuals in the Index now accord with
constitutional due process requirements. Therefore, the Court agrees that declaratory
relief is unnecessary.

b.      No Retrospective Relief

The Eleventh Amendment prohibits the Court from issuing retrospective
declaratory relief against an unconsenting state. <u>See</u> <u>Green</u> v. <u>Mansour</u>, 474 U.S. 64, 73
(1985); <u>Edelman</u> v. <u>Jordan</u>, 415 U.S. 651, 662-63 (1974). Any declaratory relief as to the
constitutionality of prior procedures for listing individuals in the Index is barred by the
Eleventh Amendment. <u>Green</u>, 474 U.S. at 73.[23]

---

[23] At the hearing, the Humphries argued that they are not seeking retrospective relief because
violations by the Attorney General are ongoing. The Court does not agree. In <u>ASW v. Oregon</u>, 424 F.3d
970, 974 (9th Cir. 2005), the Ninth Circuit rejected an argument that declaratory relief was unnecessary
because a statute "did not repeal, substitute, or even amend the challenged administrative rule in any
way," and therefore "its adoption did not eliminate [the] claim for relief." Here, by contrast, significant
changes have been made to CANRA, as detailed above. In <u>Bilbrey ex rel. Bilbrey v. Brown</u>, 738 F.2d
1462, 1470 (9th Cir. 1984), the Ninth Circuit reversed the district court's holding that declaratory relief
that students' constitutional rights had been violated due to a warrantless search by school officials
without reasonable suspicion "would serve no useful purpose and it would involve the Court in a
continuing policing function unnecessarily." The Circuit explained that declaratory relief could stand to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-697 JVS (MANx) | Date | October 17, 2012 |
|---|---|---|---|

| Title | Craig Arthur Humphries, et al. v. Los Angeles County, et al. |
|---|---|

c.      Conclusion as to Declaratory Relief

Accordingly, the Court DENIES partial summary judgment as to the Humphries' claim for declaratory relief against the Attorney General.

**IV.   Conclusion**

For the foregoing reasons, (1) the County Defendants' Motion for Summary Adjudication of Issues is DENIED; (2) the Humphries' Motion for Partial Summary Judgment or Summary Adjudication Against Defendants Los Angeles County and Michael L. Wilson is GRANTED IN PART and DENIED IN PART; and (3) the Humphries' Motion for Partial Summary Judgment or Summary Adjudication of Issues Against Defendant Attorney General of California in Official Capacity is GRANTED IN PART and DENIED IN PART.[24]

---

benefit other individuals because the case had been brought as a class action and the district court had certified a class consisting of future persons attending the school shortly after the litigation began. Id. at 1471. Here, by contrast, the Humphries did not bring their case as a class action. Nor is declaratory relief necessary to "delineate important rights and responsibilities." See id. Unlike the plaintiffs in Bilbrey, here, the Humphries have obtained an order from the Circuit clearly stating that their constitutional rights were violated by their inclusion in the Index under the previous version of CANRA.

[24] At the hearing, the County Defendants requested that, if the Court rule against them on the Humphries' Index-related claims for injunctive relief, the Court stay the judgment pending an immediate appeal. The Court stays the judgment for fourteen days after its entry. See Fed. R. Civ. P. 62(a)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 03-697 JVS (MANx)                    Date   October 17, 2012

Title   Craig Arthur Humphries, et al. v. Los Angeles County, et al.

                                                              :        15

                               Initials of Preparer          nkb