UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG ARTHUR HUMPHRIES and WENDY DAWN ABORN HUMPHRIES, <br><br>Plaintiffs, <br><br>vs. <br><br>LOS ANGELES COUNTY, et al. <br><br>Defendants. | Case No. SACV 03-0697-JVS (MANx) <br><br>**JUDGMENT AND PERMANENT INJUNCTION** |

Plaintiffs Craig Arthur Humphries and Wendy Dawn Aborn Humphries ("the Humphries") initiated this action in 2002 against multiple defendants, including *inter alia* Bill Lockyer in his official capacity as Attorney General of the State of California, for whom Attorney General Kamala D. Harris in her official capacity as Attorney General of the State of California ("Attorney General") has been substituted pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

The Court has considered the Humphries' claims against the Attorney General that remained to be adjudicated following the Ninth Circuit's remand ("Remanded Claims"), including the Humphries' claim against the Attorney General for injunctive relief under 42 U.S.C. § 1983 related to their inclusion in the Child Abuse Central

Index ("Index"), and the Humphries' claim against the Attorney General for declaratory relief under 28 U.S.C. § 2201 and 42 U.S.C. § 1983 related to their inclusion in the Index. The Court considered the Remanded Claims in ruling on the Humphries' Motion for Partial Summary Judgment against the Attorney General. The Court's ruling on that Motion was set forth in the Court's Order on Motions for Partial Summary Judgment, filed October 17, 2012 ("10/17/12 Order"). In accordance with that ruling, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1.  Solely for the purposes of this action and any subsequent action that may be brought by the Humphries or either of them to enforce this Judgment and Permanent Injunction, the June 12, 2001 findings and minute order of the Los Angeles County Superior Court, Juvenile Court ("Juvenile Court") as corrected nunc pro tunc by the June 15, 2001 minute order of the Juvenile Court (collectively, "Juvenile Court's Judgment") have collateral estoppel effect against the Attorney General, including but not limited to the California Department of Justice ("DOJ").

2.  Solely for the purposes of this action and any subsequent action that may be brought by the Humphries or either of them to enforce this Judgment and Permanent Injunction, the Juvenile Court's adjudication that the abuse allegations against the Humphries were "not true" precludes the Attorney General from denying or disputing that the report on the Humphries that was based on those allegations, which the Los Angeles County Sheriff's Department forwarded to DOJ in 2001 ("Report") and which DOJ subsequently entered in the Index, arose from and constitutes false allegations.

3.  Solely for the purposes of this action and any subsequent action that may be brought by the Humphries or either of them to enforce this Judgment and Permanent Injunction, the Juvenile Court's Judgment collaterally estops the Attorney General from denying or disputing that the Report and the resulting Index listing on the Humphries proved to be unfounded and not substantiated as of June 12, 2001.

4.  Solely for the purposes of this action and any subsequent action that may be brought by the Humphries or either of them to enforce this Judgment and Permanent

**[PROPOSED] JUDGMENT AND PERMANENT INJUNCTION**

Injunction, the Juvenile Court's Judgment conclusively determines against the Attorney General that the Report and all Index entries and other records maintained by the State of California ("State") that resulted from the Report and/or arose out of the allegations of S.H. on which the Report was based ("S.H.'s Allegations") are unfounded and not substantiated.

5. Any further maintenance by the Attorney General and/or the State of Index information, the Report and/or any other records concerning the Humphries that resulted from S.H.'s Allegations would keep such information and/or records accessible by licensing agencies and other third parties, and would constitute a continued deprivation of the Humphries' stigma-plus liberty interests without procedural due process, in violation of the Humphries' rights of due process under the Fourteenth Amendment.

6. Therefore the Attorney General is permanently enjoined and prohibited from disclosing to anyone other than the Humphries, and from maintaining in any form, the Report, any information ever entered into the Index or maintained by the State in connection with the Index, any investigation records prepared by any government agency, any criminal history information ever reported to or maintained by DOJ, any "juvenile court records" as defined in California Welfare and Institutions Code section 825, and/or any "juvenile case file" information or records as defined in California Welfare and Institutions Code section 827(e), that are based on or resulted from S.H.'s Allegations ("Protected Information"), with the following, limited exception: the Attorney General may maintain in confidence, as specified herein, any Protected Information that exists within the Attorney General's litigation files in any form that were created during and for purposes of this action, provided that any and all such Protected Information shall be stored in a securely sealed container labeled "Confidential/Sealed Records" and maintained within the Attorney General's care, custody and control ("Confidential Litigation Files").  The Confidential Litigation Files shall not be accessed by or disclosed to anyone unless the Humphries or either of them

Case 8:03-cv-00697-JVS-MAN   Document 429   Filed 07/08/13   Page 4 of 6   Page ID #:3890

brings, against the Attorney General and/or the State, a legal action or proceeding that directly relates to Protected Information within those files, in which event the Attorney General may access the Confidential Litigation Files as needed for purposes of that action or proceeding, in accordance with any sealing and protective order issued in that action or proceeding.

7. The injunction imposed upon the Attorney General under paragraph 6 of this Judgment and Permanent Injunction is in addition to, and does not negate, the injunction set forth in the 10/17/12 Order which required the Attorney General (a) to expunge all State records regarding the Humphries that resulted from S.H.'s Allegations, (b) not to disclose to anyone other than the Humphries any Index-related information or State records that resulted from S.H.'s Allegations, and (c) to provide the Humphries with written confirmation of the expungement of such records within 21 days of the date of the 10/17/12 Order.

8. Judgment is granted in favor of the Humphries on their claim for permanent injunctive relief against the Attorney General under 42 U.S.C. § 1983, brought in the second count of the First Amended Complaint ("FAC").

9. The Humphries' claim for declaratory relief against the Attorney General under 42 U.S.C. § 1983 and 28 U.S.C. § 2201, brought in the fifth count of the FAC, is dismissed as moot.

10. The Humphries are deemed the prevailing party in this action against the Attorney General and may make a request for attorney fees and costs to the extent provided by law.

11. The Court finds there is no just reason to delay entry of this Judgment and Permanent Injunction as to the Humphries' claims against the Attorney General, and pursuant to Federal Rule of Civil Procedure 54(b), the Court directs immediate entry of this Judgment and Permanent Injunction.

//

//

4
**[PROPOSED] JUDGMENT AND PERMANENT INJUNCTION**

12. The Attorney General and/or the State shall give actual notice of this Judgment and Permanent Injunction to its officers, agents, servants, employees, and attorneys.

IT IS SO ORDERED.

Dated: July 8, 2013

_____
Honorable James V. Selna
United States District Judge

I have reviewed this [Proposed] Judgment and Permanent Injunction on behalf of Defendant Kamala D. Harris in her Official Capacity as Attorney General of California and approve it as to form only.

Dated: July 5, 2013     ATTORNEY GENERAL OF THE STATE OF
                        CALIFORNIA IN HER OFFICIAL CAPACITY

                        By: /s/ Paul C. Epstein
                        Paul C. Epstein, Deputy Attorney General
                        Attorney for defendant Attorney General of California

I have reviewed this [Proposed] Judgment and Permanent Injunction on behalf of Plaintiffs Craig Arthur Humphries and Wendy Dawn Aborn Humphries and approve it as to form only.

Dated: July 5, 2013     CRAIG ARTHUR HUMPHRIES and
                        WENDY DAWN ABORN HUMPHRIES

                        By: /s/ Esther G. Boynton
                        Esther G. Boynton
                        Attorney for plaintiffs Craig and Wendy Humphries
                        CERTIFICATION

I, Esther G. Boynton, hereby certify that all other signatories listed above, on whose behalf this [Proposed] Judgment and Permanent Injunction is submitted, concur in the content of this [Proposed] Judgment and Permanent Injunction (which, as stated therein, is approved as to form only) and authorize this filing (or lodging).

Dated: July 5, 2013

/s/ Esther G. Boynton
Attorney for Plaintiffs
E-mail: egboynton@hotmail.com